UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GEICO CHOICE INSURANCE COMPANY, | Case No. 3:22-cv-00284-LRH-CLB |
| Plaintiff, | ORDER |
| v. | |
| JEREMY LON FROLAND and ROBERT WALTON, | |
| Defendants. | |

Before the Court is Defendant Robert Walton's motion to dismiss (ECF No. 5) for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and Plaintiff Geico Choice Insurance Company's request for a stay (ECF No. 11). As explained below, the Court grants the motion to dismiss and denies the request for a stay as moot.

In March 2020, Jeremy Froland and Robert Walton were involved in an atv accident when Froland lost control of the vehicle. ECF No. 1 at 4. Walton was injured in the accident and sued Froland in state court, alleging that his negligence in operating the atv caused Walton's injuries. *Id.* at 4–5. Walton ultimately succeeded in the lawsuit and received a judgment in his favor of $221,795.26. *Id.* at 7. At the time of the accident, Froland maintained an automobile insurance policy that has liability limits of $25,000 per person and $50,000 per accident. *Id.* at 2–3. Although Geico contends that the policy does not cover the accident, it provided a defense for Froland in the state court lawsuit. *Id.* at 3. Geico then brought this lawsuit in federal court to determine if the policy applies to the accident and seeks declaratory and injunctive relief. *Id.* at 7–8. At this time, neither Froland nor Walton has any pending lawsuits against Geico. ECF No. 9 at 2.

Under Rule 12(b)(1), a defendant may move to dismiss a lawsuit for lack of subject matter jurisdiction. When a plaintiff's lawsuit, as here, is based on diversity jurisdiction, the plaintiff has the burden of proving that the parties are of diverse citizenship and that the amount in controversy exceeds $75,000 exclusive of interest and costs. 28 U.S.C. § 1332(a). It is undisputed that the parties in this case are of diverse citizenship. ECF No. 5 at 2; ECF No. 9 at 2. Thus, the only jurisdiction question is whether the amount in controversy exceeds $75,000.

Generally, the amount in controversy in a liability coverage case is "the value of the underlying potential tort action." *Budget Rent-A-Car, Inc. v. Higashiguchi*, 109 F.3d 1471, 1473 (9th Cir. 1997). But when either (1) "the validity of the entire insurance policy is at issue" or (2) "the value of the underlying tort claims exceeds the liability ceiling," the liability limits of the policy are relevant in determining the amount in controversy. *Id.*

Conceding that this lawsuit seeks the determination of whether an insurance policy with a liability limit of $25,000 covers an accident, Geico claims that the amount in controversy requirement is satisfied because Froland may file claims against Geico for extra-contractual damages for breach of contract, unfair trade practices, or tortious bad faith. ECF No. 9 at 2–3. But Froland has not filed any such claims yet, making any consideration of the damages for those claims purely speculative at this time. Further, the only question raised by Geico's complaint is whether Froland's insurance policy would apply to the accident that was at issue in the state court lawsuit between Walton and Froland. If the policy applies to that accident, Geico's liability is limited to $25,000 even if the damages for the accident exceeds the liability limit. ECF No. 1 at 39. Thus, although Walton received a judgment in his favor of $221,795.26 for the underlying accident, Geico's liability is limited to $25,000 if the accident is covered by the policy. Accordingly, the amount in controversy in this case is $25,000.

The parties in this case are of diverse citizenship, but the amount in controversy falls far short of exceeding $75,000. The Court therefore lacks subject matter jurisdiction and must dismiss this lawsuit.

///

///

2

IT IS THEREFORE ORDERED that Walton's motion to dismiss (ECF No. 5) for lack of subject matter jurisdiction is granted. Geico's complaint as it applies to Jeremy Froland and Robert Walton is dismissed without prejudice.

IT IS FURTHER ORDERED that Geico's request for a stay (ECF No. 11) is denied as moot.

IT IS FURTHER ORDERED that the Clerk of the Court shall close this case.

IT IS SO ORDERED.

DATED this 15th day of December, 2022.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE